## Trust Companies as Township Treasurers.

*Corporations—Trust companies—Township treasurers.*

A trust company has no power to act as treasurer of a township of the second class, and this is the case, although the Township Code of July 14, 1917, P. L. 840, as amended, authorizes townships to appoint trust companies as their treasurers.

Department of Justice.  Opinion to Hon. Peter G. Cameron, Secretary of Banking.

ANDERSON, Dep. Att'y-Gen., Aug. 31, 1926.—You have informed this department that trust companies and banking institutions under your supervision are accepting treasurerships for the supervisors of townships of the second class under appointments made by those supervisors. Such appointments are made by virtue of section 231 of the Township Code of July 14, 1917, P. L. 840, as amended in 1919, 1921 and 1923, which directs the supervisors of each township of the second class to "appoint a treasurer and a secretary, who may or may not be the same person, and who may or may not be a member of the board, or the board may select a trust company or a banking institution to act as treasurer." You ask for an opinion as to whether or not the power thus conferred on township supervisors to select trust companies or banking institutions to act as their treasurers enables such companies or institutions so to act.

The proper answer to your question can only be found by recourse to principles of general corporation law and to the acts of assembly relating to banks, banking companies and title insurance and trust companies in Pennsylvania. All such corporations occupy a fiduciary position in the community. They stand in a very different relation to the public from corporations organized for business and trading purposes. They invite, under the sanction of the law, individuals to submit to them the possession and care of both money and property. Their privileges, powers and liabilities in Pennsylvania have been cautiously conferred and carefully imposed.

State banks in Pennsylvania are governed by a series of statutes beginning with the Act of April 23, 1829, P. L. 360, and their powers and privileges have been gradually widened. The principal legislation on this subject is the Act of April 16, 1850, P. L. 477. Nowhere in this development has the right, power or privilege to act as treasurer of a governmental board or body been conferred on these corporations.

Banking companies are formed and controlled by the Act of May 13, 1876, P. L. 161, and its supplements. These do not authorize such companies to hold any public office. On the contrary, they limit and restrict such companies to banking and fiduciary activities.

Trust companies are chartered under the Act of May 9, 1889, P. L. 159, and its supplements, all of which relate to title insurance companies, the formation of which was first authorized in the General Corporation Act of April 29, 1874, par. 29, § 19, P. L. 73. For many years companies thus chartered were distinctly forbidden to engage in the business of banking. They were never authorized to act as public officials. There are, however, a few trust companies in existence which have always had banking privileges because of special charters granted to them prior to the State Constitution of 1874, and have likewise had the power to act as treasurers of private associations and organizations.

At the present time the lines of distinction between the powers and privileges of banks, banking companies and trust companies have been to a marked extent erased by comparatively recent legislation. They are all under the

supervision of the Department of Banking, which is charged with "the duty of taking care that the laws of this Commonwealth in relation thereto shall be faithfully executed, and that the greatest safety to depositors therein or therewith and to other interested persons shall be afforded." No trust company or banking institution is, however, at the present day expressly authorized by any existing legislation, whether recent or ancient, to act as a governmental or public officer, such as treasurer for a board of township supervisors. The power or privilege so to act cannot be created by implication. The legal principles by which *ultra vires* acts of trust companies or banking institutions are more seriously regarded than those of trading or manufacturing corporations stands in the way of the exercise of that power or privilege. The provision in the Township Code to which reference has been made is not a sufficient foundation on which to extend the functions of trust companies or banking institutions beyond the lines laid down for them in the numerous acts of assembly that relate distinctly and solely to such corporations. The title of that act utterly fails to clearly express any change in the banking laws, as would be required by the Constitution. It relates to an entirely different subject from banks, banking companies and financial institutions, and it cannot be invoked to justify such corporations in acting in any capacity outside of those permitted by the legislation under which they have been formed and organized, controlled and supervised.

You are, therefore, advised that under the Banking Act of 1923, which prescribes your duties, obligations, powers, privileges and rights, you may order any trust company or banking institution doing business in Pennsylvania which is acting as the treasurer of the supervisors of a township of the second class to cease and desist from so doing, and, further, you may notify all other trust companies or banking institutions under your supervision that they may not lawfully accept such a treasurership.

From C. P. Addams, Harrisburg, Pa.